

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 04 C 5340 |
| RICHARD R. ROTHMAN, UNKNOWN BENEFICIARIES OF CHICAGO TITLE LAND TRUST COMPANY, CHICAGO TITLE LAND TRUST COMPANY, CITY CENTRE CONDOMINIUM ASSOCIATION, UNITED STATES OF AMERICA, UNKNOWN OWNERS AND NON-RECORD CLAIMANTS, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| RICHARD R. ROTHMAN, | ) ) | |
| Cross-Plaintiff, Third-Party Plaintiff, | ) ) ) | |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Cross-Defendant, | ) ) | |
| and | ) ) | |
| THE CIRCUIT COURT OF COOK COUNTY, | ) ) | |
| Third-Party Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This is a mortgage foreclosure action involving allegations of a United States tax lien on the subject property.

The case was originally filed in the Circuit Court of Cook County, Illinois. Because of the tax lien, the United States was named as a defendant. One of the other defendants, the mortgagor Richard Rothman, filed cross-claims against the United States and third-party claims against the Circuit Court of Cook County, Illinois.[1] After the cross-claims were filed, the United States removed the case to federal court. The United States and the Circuit Court have moved to dismiss, respectively, the cross-claims and third-party claims brought against them by Rothman. In response, Rothman argues that the case should be remanded to the state court. The remand issue should be resolved first. The case was not properly removed. However, whether the case should be remanded at this point involves technical issues as to removal procedures, waiver, and jurisdiction, most of which are not adequately addressed by the parties.

On October 21, 2003, plaintiff Mortgage Electronic Registration Systems, Inc. ("MERS") filed this mortgage foreclosure action in the Circuit Court of Cook County, Illinois (the "Foreclosure Complaint"). MERS alleges that it is the mortgagee and Rothman the mortgagor and that the mortgage was on a condominium unit located in the City Centre Condominiums in Chicago with the address of 212 W. Washington #1401. The

---

[1]Rothman is proceeding *pro se*, but, prior to his suspension or disbarment, he was a practicing attorney until at least 2002.

mortgage is alleged to be dated December 26, 2001 and in the original amount of $203,000.00. Title to the unit is alleged to be held by an Illinois land trust. Named as defendants were Chicago Title Land Trust Company, as trustee of UTA #1110773 dated April 4, 2002 (the "Trustee" and the "Trust" respectively); Rothman, as mortgagor and beneficiary of the Trust; City Centre Condominium Association as possibly having some interest in the individual unit;[2] and the United States by virtue of a notice of federal tax lien filed against Rothman based on the nonpayment of $60,665.68 of income taxes for calendar years 1999 and 2000. On November 10, 2003, the government was served with the Foreclosure Complaint. The government filed its answer on December 11, 2003. It did not file a notice of removal at that time.

In February 2004, Rothman filed two countercomplaints against MERS and third-party complaints against Countrywide Home Loans, Inc. and PS Trust Illinois d/b/a Public Storage. Countrywide allegedly originated the loan that is the basis for MERS's Foreclosure Complaint. The claim against PS Trust concerned property kept in a storage unit. In April 2004, the third-party complaint against PS Trust was dismissed without prejudice. MERS and Countrywide moved to dismiss Rothman's complaints against them. In June 2004, while the motions to

---

[2]Some pleadings indicate that the name of the condominium association is actually 212 West Washington Condominium Association.

dismiss were still pending, Rothman attempted to file new or amended counter-complaints and third-party complaints against MERS, Countrywide, PS Trust, and 212 West Washington Condominium Association.

In its order dated June 16, 2004, the court ruled in part:

> 5. Richard Rothman is granted leave to file and present (at a later date) a motion for leave to file a Third-Party Complaint, no leave of court having been sought or obtained with respect to the "complaints" in the nature of Third-Party Complaints filed by Rothman on June 7, 2004, June 9, 2004, and June 11, 2004.

The ruling does not expressly address the countercomplaints and third-party complaint against Countrywide filed in February, nor the pending motions to dismiss those complaints. Paragraph 7 of the June 16, 2004 Order requires that Rothman answer the "Amended Complaint for Foreclosure" by July 15, 2004. No such amended complaint is included among the pleadings attached to the government's notice of removal.

Rothman had also moved for a preliminary injunction. The June 16, 2004 Order denies that motion. On July 16, 2004, Rothman filed a notice of appeal from the order denying the preliminary injunction.

Also on July 16, 2004, Roth filed a complaint in this action (the "Cross Complaint") containing cross-claims against the United States and third-party claims against the Circuit

Court of Cook County, Illinois. The Cross Complaint was served that same day. In the Cross Complaint, Rothman alleges that he reported accrual income from his law practice on his 1999, 2000, and 2001 income tax returns. He further alleges, however, that a substantial portion of the income that was reported on his returns was never realized. He alleges that he was entitled to file amended returns that would have shown substantially reduced income and taxes for these three years, including net operating losses from his legal practice. It is further alleged, however, that, on February 5, 2004, an employee of the Internal Revenue Service ("IRS") prevented Rothman from filing the amended tax returns. Rothman alleges that the net operating losses were property and that being prevented from filing the amended returns constituted a taking of property without due process. Rothman also alleges that, although the government recorded the tax lien,[3] he has no interest in the Trust.

The claims against the Circuit Court of Cook County are based on a case other than the Foreclosure Action. Rothman alleges that the case of <u>Rothman v. Wolfram Towers Partnership</u>, No. 01 M 149251 (Cir. Ct. Cook Cy., Ill.) (the "Wolfram Case"), has been pending since October 4, 2001. In the Wolfram Case,

---

[3]MERS, in the Foreclosure Complaint, and the government, in its answer to the Foreclosure Complaint, allege that the lien is based on 1999 and 2000 taxes. Rothman alleges the lien includes amounts based on his 2001 taxes as well.

Rothman sought specific performance of a real estate contract related to property commonly known as 2237 W. Wolfram Unit 512, Chicago, Illinois. Rothman alleges that, in December 2003 following dismissal of his contract and specific performance claims, the Wolfram Case was transferred to the Chief Judge of the Law Division so it could be reassigned to another judge for resolution of the remaining replevin claim. The case, however, was never reassigned and no further action was taken, including no entry of judgment on the contract or specific performance claims. In his answer to the government's motion to dismiss, Rothman further alleges that, on November 30, 2004, the Wolfram Case was dismissed for failure to prosecute and that an appeal has been filed.

Rothman characterizes the counts of the Cross Complaint as follows. Count I is a mandamus action under 28 U.S.C. § 1461 requesting that the IRS, as an agency of the United States, be compelled to (a) permit filing of the amended tax returns and (b) release the tax lien. Count II is a declaratory action under 28 U.S.C. § 2201 seeking a declaration (a) as to Rothman's correct amount of taxes for the three tax years and (b) that the Trust is not subject to any tax lien the government may be able to prove. Count III is a request for injunction pursuant to 42 U.S.C. § 1983. Rothman seeks to enjoin the United States from assessing any tax lien based on the three tax years and from

asserting any such tax lien against Rothman himself or the property that is the subject of the Foreclosure Complaint. Count IV requests injunctive relief pursuant to 735 ILCS 5/11-102. Rothman requests that the United States be enjoined from answering the Foreclosure Complaint. Count V is a slander of title claim against the United States requesting damages in the amount of $80,372.00. Count VI is labeled as a constitutional tort based on the United States denying Rothman's right to due process and equal protection, and his right to assemble and petition.

Count VII is characterized as a § 1983 claim for injunctive relief as against the Circuit Court of Cook County. Rothman requests that the Circuit Court be enjoined from "disposing" of the claims in the Wolfram Case. The actions taken by the Circuit Court in that case are characterized as being a taking of property without due process of law or just compensation in that Rothman has never received a judgment or hearing. Count VIII[4] is a discrimination claim for violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. Rothman alleges that he has epilepsy that constitutes a disability under the ADA and that the judge who dismissed his claims without entering a judgment did so because of

---

[4]The Cross Complaint contains two Count VII's. The second Count VII will be referred to as Count VIII.

discrimination against Rothman as an epileptic. Rothman also alleges that the judge had a conflict of interest based on being related to one of the parties, but did not recuse himself because Rothman has epilepsy. On this count, Rothman seeks damages including damages based on losing his law license and legal practice due to being unsuccessful in the Wolfram Case.

On July 19, 2004, in the Foreclosure Action, the state court entered an order setting a briefing schedule on "defendant's motion to dismiss." No such motion to dismiss was included among the pleadings attached to the government's notice of removal.

On August 13, 2004, the government filed its notice of removal. That was less than 30 days after being served with the Cross Complaint, but well over 30 days after being served with the Foreclosure Complaint. The notice of removal is required to contain a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The government's entire statement as to its grounds for removal was as follows: "The action is removable pursuant to the provisions of 28 U.S.C. §§ 1441, 1442, 1444."[5]

---

[5]It is also noted that the state court pleadings attached to the notice of removal were approximately two inches thick, with no dividers or tabs identifying separate documents, and no list of the attached pleadings nor copy of the state court docket sheet. This format made it difficult to determine what pleadings had been filed and what orders had been entered in the state court. For example, the court had to tediously go through the documents to determine which complaints, countercomplaints, cross-complaints, and third-party complaints might still be

Without specifically alleging the dates on which it was served, the government also conclusorily alleged: "The removal of the action is timely under the provisions of 28 U.S.C. § 1446(b)." The notice of removal does not specify whether the removal was based on the Foreclosure Complaint itself or the Cross Complaint. Since the notice of removal was filed more than nine months after the government was served with the Foreclosure Complaint and 28 days after it was served with the Cross Complaint, it can be inferred from the allegation of timely removal consistent with § 1446(b) that the removal was based on the Cross Complaint containing removable claims. Consistent with such a reading of the notice of removal, the government asserts in its reply brief in support of its motion to dismiss: "The [Foreclosure] Complaint alleged only state law causes of action. The United States timely removed this matter when Cross-Plaintiff filed his Cross-Complaint, alleging federal causes of action." Govt. Reply at 3. Also, the notice of removal does not specifically identify which aspects of the state case are intended to be removed. The caption of the notice contains the plaintiffs and defendants

---

pending, only to discover that the record appeared to be incomplete or inconsistent. The preferred format would have been for the government to provide tabs or dividers to separate documents and a table of contents, docket sheet, or other listing of the pleadings that were attached to the notice of removal. The notice of removal also should have specifically identified which complaints were pending and had been removed, as well as which parties were still involved in the case.

named in the Foreclosure Complaint and also shows the United States and Circuit Court as "Cross-Defendant/Third Party Defendant," though without identifying the cross-plaintiff or third-party plaintiff. There is also no reference to Rothman being a counterplaintiff as against MERS or MERS being a counterdefendant.

On August 23, 2004, the government filed its motion to dismiss which it presented on September 29, 2004. The government argues that all counts are subject to dismissal for lack of subject matter jurisdiction. As to some counts, the government relies on there being no waiver of sovereign immunity, but that is also a jurisdictional ground for dismissal. See United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); Ortloff v. United States, 335 F.3d 652, 656 (7th Cir. 2003), cert. denied, 540 U.S. 1225 (2004). Alternatively, the government also argues that some counts fail on their merits. At the September 29 court hearing, a briefing was set for the government's motion and a briefing schedule was also set for a motion to dismiss to be filed by the Circuit Court. On October 13, 2004, the Circuit Court filed its motion to dismiss based on the claims against it being improperly joined with the Foreclosure Complaint. Following the granting of his motion to extend time, on December 15, 2004, Rothman answered the government's motion to dismiss. In his answer, Rothman argues

that the removal was improper and without jurisdiction so the case should be remanded to the Circuit Court of Cook County. He generally does not respond to the motion to dismiss arguments of the government or the Circuit Court, instead requesting that he be given an additional opportunity to respond to those arguments if the case is not remanded.

The government's removal of this case was deficient for at least two reasons. First, the notice of removal is itself deficient. Consistent with Fed. R. Civ. P. 8(a), § 1446(a) requires only "a short and plain statement" of the grounds for removal. While a detailed statement is not required, "there is no question that the notice must make the basis for the federal court's exercise of removal jurisdiction clear and contain enough information so that the district judge can determine whether removal jurisdiction exists." Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 3733 at 354 (3d ed. 1998); West Virginia ex rel. McGraw v. Minnesota Mining & Manufacturing Co., ___ F. Supp. 2d ___, 2005 WL 268148 *7 (S.D.W. Va. Jan. 25, 2005). Here, the government simply cited three sections of the removal statute without any supporting facts nor any explanation as to which of the allegations or claims supported the different grounds for removal. The government did not specify whether removal was based on the Foreclosure Complaint or the Cross Complaint, though the timing

of the notice implied removal was based on the Cross Complaint. Additionally, the removal notice is not clear as to whether the entire case has been removed. The removal notice does not include any reference to Countrywide nor any reference to Rothman's counterclaims. As is further discussed below, the allegations were not sufficient to determine that removal based on the Cross Complaint was proper.

Defendant's removal was also deficient because untimely. Although the government refers to the Foreclosure Complaint as containing only state law claims, the government being named as a defendant based on its tax lien made the case a removable case once the government was served with process in November 2003. See 28 U.S.C. §§ 1444, 2410; Groesbeck Investments, Inc. v. Smith, 224 F. Supp. 2d 1144, 1147-52 (E.D. Mich. 2002); Truong v. Grand Trunk Western R. Co., 882 F. Supp. 107, 108-09 (E.D. Mich. 1995).[6] Any notice of removal by the United States should have been filed within 30 days of being served with the Foreclosure Complaint. See 28 U.S.C. § 1446(b). Although Rothman's Cross Complaint contained federal claims, service of that complaint did not start the 30-day clock under § 1446(b). An amended pleading

---

[6] Because the Foreclosure Complaint would have been removable based on § 1444, it is unnecessary to consider whether it also would have been removable based on § 1442(a)(1) or because the presence of the tax lien involves a federal question (see Macklin v. United States, 300 F.3d 814, 820 (7th Cir. 2002)) sufficient to invoke § 1441(a).

in the state court will only start the running of that period "[i]f the case stated by the initial pleading is not removable." Id. (2d paragraph); Groesbeck, 224 F. Supp. 2d at 1148. Since the initial pleading, that is the Foreclosure Complaint, was removable by the United States, the United States did not have the right to remove the case within 30 days of the filing of the Cross Complaint. See id. To be timely under § 1446(b), any notice of removal by the United States had to have been filed by December 10, 2003.[7]

Rothman contends the removal was deficient in that the case could not have been removed based on the Cross Complaint because removal cannot be based on a claim against a cross-defendant. Ordinarily this would be true. Consistent with the well-pleaded complaint doctrine, it has been held that removal jurisdiction cannot be based on counterclaims made against the original plaintiff or claims made against a third-party defendant who is not a defendant to the primary complaint. Adkins v. Illinois Central R. Co., 326 F.3d 828, 835-36 (7th Cir. 2003); Wright, Miller, & Cooper, § 3731 at 253-54. It is also well settled that "defendants may remove only on the basis of claims

---

[7]Rothman refers to the notice of removal being filed 27 days after the filing of the cross complaint, Rothman Memo. in Opposition to Motion to Dismiss at 3, and also refers to the United States not removing the case within 30 days of being served with the Foreclosure Complaint. Id. at 5. He does not present any supporting argument that the removal was untimely.

brought against them and not on the basis of counterclaims, cross-claims, or defenses asserted by them." Id. at 253 (emphasis in original). It has also been held that a cross-defendant/defendant may not remove the case based on a cross-claim brought against it by a cross-plaintiff/defendant. Saeilo Machinery (USA), Inc. v. Hirdes Freight, Ltd., 2000 WL 1205338 *2 (C.D. Cal. March 8, 2000); Cross v. Kaiser Foundation Hospitals, 1998 WL 737998 (N.D. Cal. Oct. 15, 1998); Redevelopment Agency of San Bernardino v. Alvarez, 288 F. Supp. 2d 1112, 1115 (C.D. Cal. 2003). Such a holding is consistent with the principle that a state court defendant should not be permitted to create federal removal jurisdiction by its own actions.

The principle prohibiting removal by a third-party defendant, cross-defendant, or cross-plaintiff, however, is inapplicable to removal pursuant to 28 U.S.C. § 1442. Unlike § 1441, § 1442 permits removal primarily based on the removing parties' status (that is, being the United States, an agency thereof, or being an officer of the United States acting under color of office), not based on whether any claim made in state court is within the original jurisdiction of a district court of the United States. United States v. Todd, 245 F.3d 691, 693 (8th Cir. 2001); Groesbeck, 224 F. Supp. 2d at 1151; Wright, Miller, & Cooper, § 3727 at 166. The well-pleaded complaint doctrine does

not come into play when removal is based upon § 1442. Id. at 136. Removal under § 1442 can be based on claims brought against the United States (or an agency or officer) as a third-party defendant. Id. at 168. Still, for removal to be proper, there must be a "colorable defense" based on the "duty to enforce federal law." Todd, 245 F.3d at 693 (quoting Mesa v. California, 489 U.S. 121, 133 (1989)). While the government's notice of removal cites to § 1442 as one possible basis for removal, the notice of removal contains no allegation as to any colorable defense under federal law. The notice of removal, in its current form, does not adequately allege removal under § 1442. To the extent removal is instead pursuant to § 1441 based on federal question jurisdiction, removal based on a cross complaint would not be proper.

Rothman also contends that the removal was defective because his filing of an appeal from the denial of the preliminary injunction transferred jurisdiction of the case to the Illinois Appellate Court. He contends that there was no case pending in the Circuit Court of Cook County to be removed and that any notice of removal should have been filed in the Illinois Appellate Court instead of the Circuit Court. The appeal regarding a preliminary injunction, however, did not deprive the Circuit Court of jurisdiction to continue to proceed on the merits of the case. It would only have deprived the trial court

of jurisdiction to grant a preliminary injunction or take some other act inconsistent with the denial of preliminary injunction that was under appeal. See <u>Home Savings & Loan Association of Joliet v. Samuel T. Isaac & Associates, Inc.</u>, 99 Ill. App. 3d 795, 425 N.E.2d 985, 992 (3d Dist. 1981). At most, the government's method of removal failed to remove the appeal along with the underlying case. To the extent the government intended to remove the appeal as well, it can likely correct any error in giving notice by amending the notice of removal and, if necessary, filing the notice with the Illinois Appellate Court. See Wright, Miller, & Cooper, § 3736 at 379-80.[8]

As the foregoing discussion indicates, the case as originally filed was removable. The government, however, did not base its removal on the Foreclosure Complaint; it based its removal on the Cross Complaint. There may have been sufficient grounds for removal based on § 1442 and the Cross Complaint. However, the allegations of the notice of removal were inadequate to support removal under § 1442 which would be the only appropriate basis for removing the case based on the Cross Complaint. Therefore, it would be necessary to amend the notice

---

[8]No opinion is expressed as to whether the government may remove a pending appeal and, if so, whether giving notice to the Appellate Court would be required. But assuming such a removal is possible and such notice is required, the notice error is correctable. And even if the appeal itself was not removable, the case was also pending in the Circuit Court.

of removal in order to adequately state the grounds for removal and it may also be necessary to file the notice of removal with the Clerk of the Illinois Appellate Court. Additionally, the notice of removal was not timely filed because it was filed in the federal district court more than 30 days after the government first received a removable pleading (that is, the Foreclosure Complaint). At this point, however, neither Rothman nor any other party has specifically sought remand within 30 days of the original removal notice.

Still to be considered are possible issues of waiver. Section 1447(c) provides that defects other than the lack of subject matter jurisdiction may not be raised more than 30 days after the filing of the notice of removal. Thus, it would ordinarily be too late at this point to raise the timeliness issue. See Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 392 (1998); In re Continental Casualty Co., 29 F.3d 292 (7th Cir. 1994). To the extent the removal could not have been or was not made under § 1442 and instead was limited to being pursuant to § 1441, it would have to be considered whether basing a § 1441 removal on a cross complaint is a defect going to subject matter jurisdiction and therefore a defect that can be raised at any time. See generally Hurley v. Motor Coach Industries, Inc., 222 F.3d 377, 379-80 (7th Cir. 2000), cert.

denied, 531 U.S. 1148 (2001). There is another reason, however, why the time limit of § 1447(c) is not likely to be decisive.

As previously discussed, the notice of removal contains insufficient allegations. Therefore, the government will be required to amend its notice of removal. Because this amendment will come more than 30 days after the government was served with a removable pleading, the government may not add additional grounds for removal; it may only provide the specifics that were omitted from the original notice. See 28 U.S.C. § 1653; ARCO Environmental Remediation, L.L.C. v. Department of Health & Environmental Quality of Montana, 213 F.3d 1108, 1117 (9th Cir. 2000); Hayes v. Bass Pro Outdoor World, LLC, 2003 WL 187411 *2 (N.D. Ill. Jan. 21, 2003); Barrientos v. UT-Battelle, LLC, 284 F. Supp. 2d 908, 912 (S.D. Ohio 2003); Wright, Miller, & Cooper, § 3733 at 358. Because the original notice of removal was limited to being based on the Cross Complaint, the government must limit its amended grounds for removal to the Cross Complaint. The government must sufficiently identify its grounds for removal, it must identify all pending claims and parties, it must state whether it is removing all pending claims, and it must be clear as to whether it is removing the pending appeal. Because the notice of removal is being amended, the other parties will have 30 days thereafter to raise any grounds for remand,

whether jurisdictional or not. Wright, Miller, & Cooper, § 3739 at 458.[9]

The government shall amend its notice of removal by March 16, 2005. In the meantime, the pending motions to dismiss will be denied without prejudice to renewing those motions in the appropriate court after the remand issue is resolved. The government and the Circuit Court will not be required to answer or otherwise plead to the Cross Complaint until after the remand issue is resolved.

IT IS THEREFORE ORDERED that defendant/cross-defendant United States's motion to dismiss cross-complaint [6] and third-party defendant Circuit Court of Cook County's motion to dismiss the third-party complaint [8] are denied without prejudice. By March 16, 2005 the government shall amend its notice of removal. Any motion for remand must be filed within 30 days thereafter. Status hearing will be held on April 20, 2005 at 11:00 a.m.

ENTER:

William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: FEBRUARY 28, 2005

---

[9] Presumably, Rothman and possibly other parties will now raise the issue that the removal was untimely. While the court is open to hearing contrary arguments from the government, the discussion in today's opinion indicates that a motion to remand based on an untimely removal would likely be granted. Before amending its notice of removal, the government should consider whether it should instead voluntarily move for a remand.