IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


MORTGAGE ELECTRONIC REGISTRATION )
SYSTEMS, INC., )
)
         Plaintiff, )
)
      v. )    No. 04 C 5340
)
RICHARD R. ROTHMAN, UNKNOWN )
BENEFICIARIES OF CHICAGO TITLE LAND )
TRUST COMPANY, CHICAGO TITLE LAND )
TRUST COMPANY, CITY CENTRE )
CONDOMINIUM ASSOCIATION, UNITED )
STATES OF AMERICA, UNKNOWN OWNERS )
AND NON-RECORD CLAIMANTS, )
)
         Defendants. )
_____ )
)
RICHARD R. ROTHMAN, )
)
      Cross-Plaintiff, )
      Third-Party Plaintiff, )
)
      v. )
)
UNITED STATES OF AMERICA, )
)
      Cross-Defendant, )
)
        and )
)
THE CIRCUIT COURT OF COOK COUNTY, )
)
      Third-Party Defendant. )


## MEMORANDUM OPINION AND ORDER


      This is a mortgage foreclosure action involving

allegations of a United States tax lien on the subject property.

The case was originally filed in the Circuit Court of Cook County, Illinois. Because of the tax lien, the United States was named as a defendant in the mortgage foreclosure action itself. The United States did not immediately remove the mortgage foreclosure action. More than a year after the mortgage foreclosure action was filed, one of the defendants, mortgagor Richard Rothman, filed a document purporting to be a cross-claim against the United States. Less than 30 days after Rothman filed this document, the United States removed the action to federal court. The notice of removal, however, was deficient in that it failed to adequately identify the basis for removal nor did it sufficiently identify the claims that were pending at the time of removal or the parties still involved in the case. On the court's own motion, the United States was required to file an Amended Notice of Removal. See Mortgage Electronic Registration Systems, Inc. v. Rothman, 2005 WL 497794 (N.D. Ill. Feb. 28, 2005) ("Rothman I").

The United States thereafter filed an Amended Notice of Removal in which it specifically identifies the basis for the removal.[1] The United States relies on 28 U.S.C. § 1442(a)(1),

---

[1]The Amended Notice of Removal still does not identify which claims were pending at the time of removal nor the parties still involved in the case. As was discussed in Rothman I,

which permits the United States to remove a case when it is sued in a state court. The United States relies on being named a defendant in Rothman's cross-claim, contending the cross-claim constituted a completely new claim that revived the 30-day time period for removal provided under 28 U.S.C. § 1446(b). Within 30 days after the Amended Notice of Removal was filed, Mortgage Electronic moved to remand on two grounds. It contends that Rothman was not granted leave to file the cross-claim and therefore that pleading is a nullity that cannot be a basis for removal. It also contends that any removal was untimely because the notice of removal was filed more than 30 days after the initial mortgage foreclosure complaint which also was removable. Alternatively, Mortgage Electronic requests that all claims other than the cross-claim against the United States be remanded as separate and independent actions. See 28 U.S.C. § 1441(c). The

2005 WL 497794 at *1-2, the pleadings attached to the notice of removal are not clear as to which claims and parties were pending at the time the removal notice was filed. This time, the United States does provide a copy of the Amended Complaint to Foreclose Mortgage that was pending at the time of removal. Amended Notice of Removal Exh. 3. However, although the Amended Complaint names 212 West Washington Condominium Association as a defendant, the caption of the Amended Notice of Removal again lists City Centre Condominium Association as a defendant and not 212 West Washington. The Amended Notice of Removal does not attempt to identify which, if any, of the various complaints, cross-complaints, counterclaims, and third-party complaints of Rothman that should be considered to have been pending at the time this case were removed from state court.

- 3 -

United States contends its removal was proper, but does not oppose remanding the other claims as alternatively requested by Mortgage Electronic. Rothman contends the removal was proper and opposes any remand. He contends that he did not need leave to file the cross-claim and that the cross-claim against the United States is not separate and independent from the mortgage foreclosure action so the entire case should remain in federal court.

Section 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

In Sullivan v. Conway, 157 F.3d 1092 (7th Cir. 1998), the

Seventh Circuit construed the second paragraph of this statute in

regard to motions to amend pleadings. The issue was whether the

defendants' notice of removal was timely when filed more than 30

days after the plaintiff had moved to amend his complaint to add

federal claims, but less than 30 days after the Illinois court

had granted the motion to amend. In holding that the 30-day

period was measured from the granting of the motion to amend, the

Seventh Circuit stated:

> Until the state judge granted the motion to
> amend, there was no basis for removal. Until
> then, the complaint did not state a federal
> claim. It might never state a claim, since the
> state judge might deny the motion. The statutory
> language that we quoted speaks of a motion or
> other paper that discloses that the case is or
> has become removable, not that it may sometime in
> the future become removable if something happens,
> in this case the granting of a motion by the
> state judge. When the motion was granted, the
> case first became removable, and it was promptly
> removed. It would be fantastic to suppose that
> the time for removing a case could run before the
> case became removable; . . . .

Sullivan, 157 F.3d at 1094. See also Bezy v. Floyd County Plan

Commission, 199 F.R.D. 308, 313-14 (S.D. Ind. 2001).

Consistent with Sullivan, courts have held that, where

leave is required to file the pleading upon which removal

jurisdiction is based, a notice of removal is premature and

- 5 -

without jurisdiction if it is filed prior to the state court granting leave to file the pleading. Torres v. Chevron U.S.A., Inc., 2004 WL 2348274 *2-3 (N.D. Cal. Oct. 18, 2004); Rogers v. Humanscale Corp., 2004 WL 1813282 *2 (E.D. Pa. July 14, 2004); Douklias v. Teacher's Insurance & Annuity Association, 35 F. Supp. 2d 612, 614-15 (W.D. Tenn. 1999). See also Desmond v. BankAmerica Corp., 120 F. Supp. 2d 1201, 1203-04 (N.D. Cal. 2000) (notice of removal was premature; plaintiff had only indicated an intent to amend and had not yet even moved to amend).[2]  Similarly, it has been held that a notice of removal is premature and without jurisdiction if the notice of removal is filed before the initial pleading that would support jurisdiction is actually filed. Oshkosh Truck Corp. v. International Union,

---

[2]Some cases, apparently a minority, hold that a case may be removed prior to an amendment being granted because it may be "ascertained" from the proposed amendment that there is removal jurisdiction. Those cases involve diversity jurisdiction where the jurisdictional amount or citizenship of parties is unclear from the initial pleading. Thus, from considering the proposed amendment, the defendant may for the first time be able to ascertain that the initial pleading that is already pending satisfies the diversity requirement for removal. That is different from the present case where Rothman's cross-claim did not disclose information from which it could first be determined that the pending complaint of Mortgage Electronic would itself support removal jurisdiction. See F.W. Myers & Co. v. World Projects International, Inc., 1996 WL 550135 *3 (N.D.N.Y. Sept. 19, 1996).

- 6 -

<u>United Automobile, Aerospace & Agricultural Implement Workers of</u>

<u>America</u>, 67 F.R.D. 122, 123-24 (E.D. Wis. 1975).

In an order dated June 16, 2004, the state court ruled on various motions. Its order included the following:

> 5. Richard Rothman is granted leave to file and present (at a later date) a motion for leave to file a Third-Party Complaint, no leave of court having been sought or obtained with respect to the "complaints" in the nature of Third-Party Complaints filed by Rothman on June 7, 2004, June 9, 2004, and June 11, 2004.
>
> * * *
>
> 7. Rothman shall answer or otherwise plead to the Amended Complaint for Foreclosure on or before July 15, 2004.

Amended Notice of Removal Exh. 43.

On July 15, 2004, Rothman timely responded to the Amended Complaint by moving to dismiss it. <u>Id.</u> Exh. 45. On July 16, 2004, Rothman filed his "Verified Complaint for Preliminary Injunction, Declaratory and Other Relief," which includes his cross-claims against the United States and third-party claims against the Circuit Court of Cook County, Illinois. <u>Id.</u> Exh. 46. This is the cross-claim upon which the United States bases removal.

The United States' original notice of removal was filed on August 13, 2004. Prior to that filing, the state court

entered one more order, which set a briefing schedule on
Rothman's motion to dismiss. Id. Exh. 48. Nothing in that order
grants leave to file the cross-claims or third-party claims, nor
is any mention made of that pleading.

Mortgage Electronic contends that the cross-claim was
without effect because leave was not granted to file it. Rothman
contends he did not need leave to file the cross-claims/third-
party claims because he could file them as a matter of course
along with his response to the Amended Complaint. He further
contends that he was supposed to have had thirty days from the
June 16 Order, that is July 16, in which to respond to the
Amended Complaint. Rothman provides no transcript supporting
that contention, nor did he make any motion in the state court
seeking to correct a possible clerical error in the June 16
Order. He also did not move for an extension of time to file his
cross-claims one day late nor did he otherwise seek leave to file
the cross-claims or third-party claims.

As previously discussed, removal by the United States was
premature and without jurisdiction if the purported cross-claim
was ineffective because leave was required to file the cross-
claim and leave had not yet been obtained to file the cross-
claim. Under Illinois procedure, a cross-claim against a

- 8 -

codefendant is considered to be part of a counterclaim. 735 ILCS
5/2-608(a). A counterclaim is to be filed with the answer to the
complaint. Id. 5/2-608(b). A counterclaim is a complete
pleading in itself and need not be amended each time the
complaint is amended. Id. 5/2-608(c); Citicorp Savings of
Ill. v. Rucker, 295 Ill. App. 3d 801, 692 N.E.2d 1319, 1324 (1st
Dist.), appeal denied, 179 Ill. 2d 579, 705 N.E.2d 435 (1998);
Northbrook National Insurance Co. v. NEHOC Advertising Service,
Inc., 196 Ill. App. 3d 448, 554 N.E.2d 251, 253-54 (1st Dist.
1989).

Prior to removal, Rothman had not answered the Amended
Complaint of Mortgage Electronic. However, on February 4, 2004,
he filed a counterclaim against Mortgage Electronic. See Amended
Notice of Removal Exh. 6. On February 11, 2004, the court
allowed Mortgage Electronic 28 days to respond. Id. Exh. 9. On
February 23, 2004, however, Rothman filed another counterclaim
against Mortgage Electronic. Id. Exh. 12. Leave to file it was
not requested. In an order dated March 15, 2004, the court
granted Mortgage Electronic 28 days to respond to the
Counterclaim.[3] Id. Exh. 20. On April 12, 2004, Mortgage

---

[3]The Order is silent regarding whether the Counterclaim
referenced is the February 4 or February 23 Counterclaim, or
both.

- 9 -

Electronic moved to dismiss the Counterclaim, referring to it as a Third-Party Complaint. Id. Exh. 27. On June 7, 2004, again without requesting leave to do so, Rothman filed another Counterclaim against Mortgage Electronic. Id. Exh. 35. He also filed a cross-claim (counterclaim), mislabeled as a third-party complaint, against 212 West Washington Condominium Association, which is one of Rothman's codefendants in Mortgage Electronic's Amended Complaint. On June 9, 2004, Rothman filed a cross-claim (counterclaim) against West Washington, again without requesting leave. Id. Exh. 38. On June 11, 2004, Rothman filed an amended cross-claim (counterclaim) against West Washington. Id. Exh. 40.

On June 16, 2004, the court issued its previously quoted order stating that Rothman had not sought leave to file "'complaints' in the nature of Third-Party Complaints" and giving him permission to seek leave (at a later date) to file Third-Party Complaints. That order refers to three dates on which third-party complaints purportedly had been filed: June 7, 9, and 11, 2004. Id. Exh. 43. However, on those dates, Rothman had filed the cross-claims (counterclaims) against West Washington, though one is mislabeled as a third-party complaint. See id. Exh. 34, 38, 40. On June 7, he had also filed a counterclaim against Mortgage Electronic. Id. Exh. 35. Clearly, the June 16

- 10 -

Order is treating the counterclaims against West Washington as
without effect for failure to obtain leave and is requiring that,
in the future, Rothman obtain leave to file any further
counterclaim against a codefendant. It is unclear if the same
ruling is made as to the counterclaim against Mortgage
Electronic, which is the plaintiff in the Amended Complaint, not
a Rothman codefendant. Mortgage Electronic's motion to dismiss
Rothman's claims against it, however, also used the misnomer
Third-Party Complaint when referring to Rothman's claims against
it.

Thereafter, Rothman filed the cross-claim (counterclaim)
against the United States that is the basis for the notice of
removal. Id. Exh. 46. Again, Rothman did not seek leave to file
that cross-claim (counterclaim), which also included a third-
party claim against the Circuit Court.

Although, it used a misnomer in its order, the state
court had entered an order requiring that Rothman obtain leave
before filing any further cross-claim (counterclaim) against a
codefendant. Therefore, the cross-claim against the United
States was without effect because there was an order requiring
leave to file the cross-claim and leave was never obtained to
file it.

Since Rothman had not been granted leave to file the cross-claim (counterclaim) against the United States, removal based on the attempted cross-claim was premature and without jurisdiction. Since there was no sufficient basis for removal, it is unnecessary to consider whether the cross-claim would have "revived" the 30-day period for removal. It is also unnecessary to consider whether the cross-claim is an independent and separate claim that could be separated from the remainder of the case. No opinion is expressed regarding those issues. If, on remand, Rothman is granted leave to file the cross-claim against the United States and the United States again removes the case, those issues will be considered at that time if raised and necessary to be resolved. In the meantime, the case will be remanded to the Circuit Court of Cook County, Illinois.

IT IS THEREFORE ORDERED that plaintiff's motion for remand [20] is granted. The Clerk of the Court is directed to remand this case to the Circuit Court of Cook County, Illinois, Chancery Division.

ENTER:

_William T. Hart_
UNITED STATES DISTRICT JUDGE

DATED: MAY 25 , 2005

- 12 -